## Commonwealth v. Hanlin

*Paul H. Millin,* for Commonwealth.
*William B. Dixon,* for defendant.

WOLFE, *P.J.*, April 6, 1976—Defendant has appealed his summary conviction by a district magistrate for violation of the Game Law of June 7, 1968, P.L. 148, sec. 1(b), 34 P. S. §1311.704(b). In essence this act prohibits any person from casting the rays of a spotlight, headlight or other artificial light on any highway or in any field, woodland or forest between midnight and sunrise upon any big game, or at any time upon any big game while having in his possession or control a firearm whereby the game could be killed even though the animal be not shot at, injured or killed. The act excepts from its provision the headlights of a motor vehicle while traveling on a highway in the usual way when the lights are cast upon such animal or adjacent to the highway and there is no attempt or intent to locate the animal.

On November 30, 1975, at 1:20 a.m., a few days before the opening of deer season, defendant and his two companions were observed when defendant pulled his vehicle into a rest area in Cook's Forest in Forest County at a 30 degree angle to the highway and was observed with its headlights cast upon seven or eight deer in the field for a period of three to five minutes.

Defendant admitted he did observe the deer for approximately this period of time but first observed the deer when he pulled into the rest area to turn around. The arresting officer, a district waterway patrolman of the Pennsylvania Fish Commission, acting in that capacity and under the reciprocal duties of Forest, Fish and Game Officers under the Act of April 21, 1915, P.L. 156, sec. 1, as amended, 71 P.S. §766, detained defendant and after obtaining his identity turned the case over to the district game protector who issued a non-

traffic citation for defendant's arrest. The detaining officer acknowledged he observed no firearms in defendant's vehicle by use of his flashlight through the windows.

The Commonwealth argues the fact defendant was observing deer by use of the vehicle's headlights at the prohibited hour is sufficient proof of guilt beyond a reasonable doubt of violation of the act. We disagree with this argument as, in our opinion, the legislature did not have in mind that there would be a violation from a mere observation of deer when that observation was not done with the intent to locate the animals. We hold it is incumbent upon the Commonwealth to show defendant intended to locate the deer and a mere turning around and observing the deer would not be a violation. We think the intent of the act is to prevent the disturbance of deer between the hours of midnight and sunrise and to prevent the possible location of a herd of deer at nighttime during deer season in order better to seek them at the legal hunting hour. We would have no hesitation in agreeing with the Commonwealth if the evidence indicated defendant drove his vehicle through the field in search of deer or off the highway other than a place used as a rest area or turnaround area. If this conviction could stand we believe it would be illegal for an operator upon the highway coming upon a herd of deer in a field from stopping and observing the deer.

Although we may be suspicious of defendant's conduct and speculate he was, in fact, seeking to find a herd of deer since the date was shortly before the opening of deer season we do not believe the circumstances would conclude there was an intent to locate the animals under these facts.

For these reasons we enter the following

## ORDER

And now, April 6, 1976, the defendant is found not guilty as charged.

Exceptions to the Commonwealth.